(161 App. Div. 49)

### WIGHTMAN v. CAMPBELL.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1914.)

1. BOUNDARIES (§ 36*)—EVIDENCE—ADMISSIBILITY.

In a suit involving a disputed boundary, notes of a deceased surveyor who made a survey of the lands when they were owned by the parties' common grantor are inadmissible in evidence as hearsay, where defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

. ant's deed not only made no reference to the survey, but no courses and distances corresponding with the surveyor's notes were contained in the description therein, and it did not appear under what circumstances the survey was made.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 160–162, 164, 166–176; Dec. Dig. § 36.*]

2. APPEAL AND ERROR (§ 231*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY. .

Where defendant's objection to a witness' testimony as to his use of the field notes of a former survey was on the ground that the notes used were a copy, a general objection after the introduction of proof which warranted the use of the copy does not raise on appeal the objection that the notes were in the nature of hearsay evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1299, 1352; Dec. Dig. § 231.*]

3. APPEAL AND ERROR (§ 237*)—OBJECTIONS AT TRIAL—RECEPTION OF EVIDENCE—MOTION TO STRIKE.

Where an objection was not made until after the answer was given, it is unavailing, and the only remedy is to move to strike out the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1302½; Dec. Dig. § 237.*]

4. APPEAL AND ERROR (§ 1052*)—REVIEW—HARMLESS ERROR.

Defendant cannot complain that the court improperly allowed a witness to testify as to his use of the notes made by the original surveyor of the land in dispute, where on cross-examination the notes were offered in evidence by defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

5. TRIAL (§ 105*)—INCOMPETENT EVIDENCE—FAILURE TO OBJECT.

In a suit involving a disputed boundary, where defendant did not make proper objection to the testimony of a surveyor's use of notes made by an earlier surveyor, and himself introduced the notes in evidence, the jury is entitled to consider the notes in connection with their use by the second surveyor.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 260–266; Dec. Dig. § 105.*]

Appeal from Trial Term, Yates County.

Action by James C. Wightman against Thomas W. Campbell. From a judgment for plaintiff and an order denying his motion for new trial, defendant appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

. James O. Sebring, of Corning, for appellant.
. Michael A. Leary, of Penn Yan, for respondent.

. ROBSON, J. The judgment appealed from awards to plaintiff, together with the costs of the action, the possession of a tract of land about three-quarters of an acre in extent, situate on the shore of Keuka Lake, which, as was found by the verdict of the jury, was without right withheld by defendant claiming title thereto. .

. Defendant is the owner of a parcel of land which adjoins lands in which plaintiff has a life estate. The north line of defendant's parcel is the south line of plaintiff's land. This line is the center of a small

.*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date; & Rep'r Indexes

stream, known as Basswood creek, as it existed in 1851 when defendant's predecessor in title bought the premises of which defendant's parcel is a part, from the then owner of the lands on both sides of the creek. The mouth of this creek is the northeast corner of defendant's land. It appears that this creek now discharges into a bay or cove called the Basin, which, while a part of the lake, is partially separated from the main body of it by a narrow point of land jutting out into the lake. The general course of the creek as it approaches the lake is easterly. As it reaches a point southerly of the Basin, it, as it now flows, turns at almost a right angle to the northeast and thence discharges into the Basin. Plaintiff claims, and the jury have found, that this creek at the time defendant's predecessor in title acquired title from the common owner of his and plaintiff's lands, instead of having its present course from the bend in the stream and thence to the Basin, followed the same general direction to the east and discharged directly into the main body of the lake. The disputed territory is the land bounded by the lake and Basin, the line of the creek, as it now flows, and the alleged old line of the creek from the present bend therein easterly to the main body of the lake. It is apparent from an inspection of the conveyance to defendant's predecessor in title and the mesne conveyances down to and including that by which defendant acquired his title that the mouth of this creek is recognized as being the northeast corner of his premises. That is equally true as to the chain of title through which plaintiff claims in which the description of the premises conveyed in the deeds in that chain of title has its point of beginning at the northeast corner of the premises which are now owned by the defendant. The location of this northeast corner, i. e., the mouth of the creek as it was when defendant's predecessor in title acquired his title to the premises, was therefore the chief determining factor in the decision of the case. Many witnesses were sworn on each side, who testify as to their observation and recollection of the course of the creek with equal positiveness and apparent sincerity in support of plaintiff's claim on the one hand and defendant's contention on the other. Our examination of this conflicting testimony leads us to conclude that the finding in favor of plaintiff was not against the weight of evidence, and therefore should not be disturbed.

[1] Appellant's counsel urges that the court committed error in that one Ogden, a surveyor sworn as a witness for plaintiff, was permitted to give testimony as to his having surveyed and made a map of certain lines, angles, and distances, appearing in a copy of the original field notes of what it was claimed was an original survey of the lands conveyed by the common owner of all the lands in question to defendant's predecessor in title, made in 1851, being the same year the premises were so conveyed. These original notes had been lost or destroyed; but the copy thereof used by Ogden was sufficiently proved, as was also the fact that such original notes were in the handwriting of a surveyor named Arnold, since deceased, who at and for many years before and after the date appearing on these notes was a surveyor frequently employed in making surveys in that vicinity. We think that

this copy of the Arnold field notes and the evidence of the surveyor Ogden as to the use he made of it in making his survey therefrom and what that survey disclosed should not have been received in evidence, if proper objection had been made by defendant to this testimony. No reference to a survey of the farm is made in the deed conveying these premises to defendant's first predecessor in title, and no courses and distances corresponding with the surveyor's notes appear in the description of the premises contained in that deed. It does not appear at whose instance, on what occasion, for what purpose, or under what circumstances the notes of the survey were made. In other words, there is nothing to connect either the defendant's predecessor in title or his grantor directly as an actor in the alleged survey, nor as having procured it to be made for them or either of them; nor that it was thereafter accepted and used by them; nor that they, or either of them, directly, or indirectly, recognized that it was correct. Without some fact of the nature above indicated being made to appear, even the original field notes, if produced, would have been necessarily considered as at the most merely hearsay, and for that reason incompetent as evidence.

[2] But defendant's counsel does not seem to have raised the question, which he now seeks to urge on this appeal, by any sufficient objection, or exception when the evidence was offered. The first objections made to the testimony of this witness as to the use he made of the Arnold field notes were pointed solely to the fact that it appeared that the witness was testifying to the use of a copy instead of the original notes. Such objections were met and satisfactorily overcome by proof which would permit the use of that copy provided the original notes could have been used for a like purpose in giving the proposed testimony. Thereafter this question was asked by plaintiff's counsel: "In making this survey you followed those courses as indicated upon Arnold's notes?" The witness answered, "Yes, sir." And after the answer was given defendant's counsel objected as follows: "We object to all that proof as incompetent, inadmissible, and improper." The ruling of the court was, "Overruled and exception." It will be observed that the objection to the use of these notes was not pointed to the exact ground upon which it should properly have been based that they were in the nature of hearsay evidence only. It is possible, if this specific objection had been made, plaintiff could have furnished further proof which would have obviated an objection on that ground.

[3] Besides the objection, not having been made till after the answer was given, was unavailing, and defendant's remedy was to move to strike out the evidence. This motion was not made. Link v. Sheldon, 136 N. Y. 1, 32 N. E. 696; Buckley v. Westchester Lighting Co., 93 App. Div. 436, 87 N. Y. Supp. 763. The witness then proceeded without further objection to give a full statement and description of the use he made of these notes and the survey and map made therefrom, and the map was received in evidence without objection. No motion was made to strike out any part of this testimony.

[4] The copy of the notes was not offered in evidence by plaintiff.

When defendant had the case the record discloses that the witness Ogden was recalled and examined as a witness for defendant as follows:

"Defendant's Counsel: The court says I am entitled to see that so-called Arnold survey. The Court: And the whole of the Arnold survey. A. I have no objection at all. Which one do you want? The Court: The Arnold survey. A. There it is. The Court: The Arnold survey was put in evidence and marked 'Exhibit 7.'"

It thus appears that these notes, which defendant now claims were inadmissible, were called for by his own counsel and without objection put in evidence as a part of defendant's case. In view of these facts, it would seem that objection cannot now be successfully urged that they were inadmissible.

[5] The court's attention was not thereafter called to the question as to what consideration the jury might properly give to these field notes as evidence until the close of the charge; when this request to charge was made by defendant's counsel:

"Also asks the court to charge that the Arnold notes, so called, are no proof as to the outlet of Basswood creek."

To this request the court responded:

"I decline to charge that. In the light of Mr. Ogden's testimony abstractly and alone, they do not prove anything, they are incompetent."

Though the court's reply appears in the record as above quoted, it is clear that the sentences are inaccurately divided and that it should read:

"I decline to charge that. in the light of Mr. Ogden's testimony. Abstractly and alone they do not prove anything; they are incompetent."

To this defendant's counsel excepted. The court was then asked to charge "that the map prepared by Ogden is no proof as to the outlet in question." The court declined to charge as requested, and defendant's counsel again excepted. Neither of these exceptions seems to present error calling for a reversal of the judgment. The trial court in response to the first request to charge correctly instructed the jury in effect that the Arnold notes taken abstractly and alone did not prove anything, and, so taken, were as evidence incompetent; but that the jury might consider them in connection with Ogden's testimony and the use he, without a tenable objection by defendant, testified he made of them in verifying the location of the mouth of the creek as coinciding with his memory of it as it was in 1866 when he first observed it. Being in evidence, the jury had a right to consider them as in the case for that purpose at least. There was the same reason for denying the second request to charge.

Defendant's remaining exceptions have been examined and do not seem to require further comment.

The judgment and order should be affirmed, with costs. All concur.